JENKINS, J.,
Dissents with Reasons.
|]I respectfully dissent from the majority’s opinion. A review and application of the undisputed material facts in this case to the pertinent law establishes that the buildings owned by the Board of Commissioner of the Port of New Orleans and leased to The Kearney Companies, Inc. and Southern Intermodal Xpress, Inc. are exempt from ad valorem taxation under Louisiana Constitution Article VII, Section 21(A) because they are public properties being used for a public purpose.
The Port of New Orleans is statutorily required to “regulate the commerce and traffic of the port and harbor of New Orleans in such manner as may, in its judgment, be best for the maintenance and development thereof.” La. R.S. 34:21(A)(1) (Emphasis added). The terms of The Kearney Companies’ lease agreement clearly obligate it to “contribute to the commerce of the Port of New Orleans” and to use the premises “solely for the purpose of storing, handling, sorting and shipping of international and domestic cargoes ... and operations associated therewith.” Similarly, Southern Intermodal Xpress’s lease mandates that its operations “contribute to the domestic or foreign waterborne commerce of the Port of New Orleans” and that it use the premises “solely for the purpose of marshaling trucks, intermodal containers, and chassis.” The record sufficiently reflects that these activities were in fact undertaken by the lessees at the properties.
|PIn addition, although the majority has ruled to remand the matter back to the *829 trial court in order to allow additional discovery, I do not believe the additional discovery being sought is relevant. Even if other businesses have operations similar to that of the lessees, that fact would not operate to negate the public purpose obligations imposed on the lessees by and on behalf the Port of New Orleans.
For the reasons expressed, I would therefore find that the trial court did not err in its March 15, 2013 Judgment granting summary judgment in favor of the Port of New Orleans, and denying the Appellant’s cross motion for summary judgment.